PEOPLE *v.* HILDY.

PHYSICIANS AND SURGEONS—MIDWIVES—LICENSES—STATUTES.
Those desirous of practicing medicine and surgery and midwifery, as component parts of their practice, must pass an examination and be licensed under statute relating to examination, regulation, licensing and registration of physicians and surgeons but such statute does not include the practice of midwifery only and provides no penalty for the practice of midwifery apart from the practice of medicine or surgery (2 Comp. Laws 1929, §§ 6737–6747, as amended by Act No. 105, Pub. Acts 1933).

Appeal from Recorder's Court for the City of Detroit; Maher (John J.), J. Submitted April 13, 1939. (Docket No. 116, Calendar No. 40,250.) Decided July 6, 1939.

Nellie Hildy was convicted of practicing medicine without a license. Reversed and defendant discharged.

*O'Hara, Montgomery & Amberson* (*Donald A. Schindler,* of counsel), for appellant.

*Thomas Read,* Attorney General, *Duncan C. Mc-Crea,* Prosecuting Attorney, and *William L. Brunner, Charles W. Jones,* and *John K. Graham,* Assistant Prosecuting Attorneys, for the people.

WIEST, J. Defendant, a midwife, acting solely as such, was convicted of practicing medicine without being duly licensed, in violation of the provisions

of 2 Comp. Laws 1929, §§ 6737–6747 (Stat. Ann.
§§ 14.531–14.541).

Defendant is a midwife, qualified by education,
training, and long practical experience.

Defendant appeals and contends that the statute
under which the information was laid and conviction
had does not apply to one engaged in midwifery only.

The mentioned statute is Act No. 237, Pub. Acts
1899, as amended by Act No. 368, Pub. Acts 1913, and
the title thereof reads:

"An act to provide for the examination, regula-
tion, licensing and registration of physicians and sur-
geons, and for the punishment of offenders against
this act, and to repeal acts and parts of acts in con-
flict therewith."

The statute provides for a board of registration in
medicine and license procedure, from which we quote
parts involved in this case.   2 Comp. Laws 1929,
§ 6739 (Stat. Ann. § 14.533), being section 3 of the
mentioned act as amended, provides:

"On and after the date of the taking effect of this
act, all men and women who are not already legally
registered under act number two hundred thirty-
seven of the public acts of eighteen hundred ninety-
nine, and acts amendatory thereto, and who wish to
begin the practice of medicine, surgery and mid-
wifery in any of its branches, in this State, shall
make application to the board of registration in
medicine, to be registered and for a certificate of
registration. * * *

"The applicant shall be registered and given a
certificate of registration if he or she shall satisfac-
torily pass an examination under the immediate au-
thority and direction of the board upon the follow-
ing subjects: Anatomy, histology and embryology,
physiology, chemistry and toxicology, bacteriology,
pathology, diagnosis, hygiene and public health,

medical jurisprudence, diseases of the eye, ear, nose and throat, obstetrics, gynecology and surgery, and such additional subjects made necessary by advances in medical education as the board may designate."

Section 6743, 2 Comp. Laws 1929 (Stat. Ann. § 14.537), being section 7 of the mentioned act, provides:

"Any person who shall practice medicine or surgery in this State, or who shall advertise in any form or hold himself or herself out to the public as being able to treat, cure or alleviate human ailments or diseases, and who is not the lawful possessor of a certificate of registration or license issued under and pursuant to act number two hundred thirty-seven of the public acts of eighteen hundred ninety-nine, or acts amendatory thereto, or without first complying with the provisions of this act, except as heretofore provided in section three of this act, shall be deemed guilty of a misdemeanor."

It will be noticed that no penalty is provided for the practice of midwifery apart from the practice of medicine or surgery.

The prosecution, however, contend that midwifery is included within the term "practice of medicine."

We are of the opinion that the provisions of the statute apply only to men and women who wish to practice medicine, surgery and midwifery, inclusive.

Our views were well expressed by Hon. Grant Fellows, attorney general of the State of Michigan, in an opinion rendered the secretary of State on February 9, 1914. We quote with approval that opinion:

"You have recently requested an opinion from this department as to whether Act No. 368, Pub. Acts 1913, requires those desiring to practice midwifery to pass the examination required of physicians and surgeons and be registered in accordance with the

terms of said act. Also whether one practicing midwifery and in attendance as such in cases of childbirth may legally fill out and sign the certificate of birth required by Act No. 330, Pub. Acts 1905.

"Act No. 368, Pub. Acts 1913, is amendatory to Act No. 237, Pub. Acts 1899, entitled 'An act to provide for the examination, licensing and *registration of physicians* and surgeons, and for the punishment of offenders against this act and to repeal acts and parts of acts in conflict therewith.' Section 3 of the amendatory act of 1913 provides for the application for registration of all men and women who were not already legally registered under Act No. 237, Pub. Acts 1899, as amended, and wished to begin the practice of medicine, surgery and midwifery in any of its branches in this State. The term 'midwifery' as used in said section 3 is to be considered as a component part of the practice of medicine and surgery and for the purposes of the act itself should be considered as inseparable from the practice of surgery and medicine. However, the 1913 act seems to be silent as to any separate examination and registration of those desiring to practice midwifery only, and as the act does not specifically refer to the practice of midwifery, it becomes necessary to determine the status of those who were before the passage of this act and who are now, practicing midwifery separate from the practice of medicine and surgery.

"Prior to the passage of the 1913 act, the practice of midwifery in the State of Michigan was recognized by statute, and section 1 of Act No. 330, Pub. Acts 1905, providing for the registration and certificates of births seems to recognize the practice of midwifery separate and distinct from that of medicine and surgery and provides that it shall be the duty of the attending physician or *midwife* to file a certificate of birth properly and completely filled out with all of the particulars required by the act within 10 days after the date of the birth. And further provides that if there be no attending physician or *mid-*

*wife,* then it shall be the duty of the father of the child, householder, manager or superintendent of public or private institution, or other competent person having cognizance of the facts, to file said certificate of birth with the registrar in accordance with the terms of the act. The practice of midwifery separate and distinct from the practice of medicine and surgery was again recognized by the legislature in Act No. 43, Pub. Acts 1895, entitled, 'An act to provide for the prevention of blindness in the newly born by compelling midwives, nurses and others to report in writing to the local health officer any redness or inflammation occurring in the eyes of infants under two weeks of age, and to provide a penalty for the neglect of the same.'

"The practice of midwifery separate from that of the practice of medicine and surgery, having been recognized by statute, and certain duties imposed upon such practitioners by the statute and the 1913 act not specifically providing for the registration of those desiring to practice midwifery only and in no way referring to the statutes recognizing its practice, I am constrained to hold that the term 'midwifery' as used in connection with the practice of medicine and surgery in the act of 1913 was intended to be employed only as a component part of the practice of medicine and surgery, the regulation and licensing of which said act was intended to cover, and that there is no provision for a license to those who desire to practice midwifery separate and apart from the practice of medicine and surgery and that those thus practicing the same are still authorized under Act No. 330, Pub. Acts 1905, to fill out and sign certificates of births in accordance with the provisions of section 1 thereof."

Act No. 105, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 6584, Stat. Ann. § 14.232), still carries substantially the same language found in Act No. 330,

Pub. Acts 1905, and Act No. 343, Pub. Acts 1925 (2 Comp. Laws 1929, § 6584),* its predecessors. We quote:

"The birth of each child born in this State shall be registered within five days after the date thereof. A certificate of such birth shall be filed with the registrar of the district in which it occurred. * * * It is hereby made the duty of the physician, midwife or person acting as midwife in attendance at a birth, to file the certificate."

Our attention is called to a subsequent opinion by another attorney general of the State in 1925, to the effect "that the legislature contemplated that the practice of midwifery is a branch of the practice of medicine." We disapprove of that opinion.

We hold, as did the attorney general in 1914, that men and women who desire to practice medicine and surgery and midwifery, as component parts of their practice, must pass an examination and be licensed under the provisions of the act, but the invoked statute does not include the practice of midwifery only.

The conviction is reversed, and defendant discharged.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.

---

* Act No. 105, Pub. Acts 1933, amended Act No. 343, § 12, Pub. Acts 1925.—REPORTER.